UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY WATKINS,

    Plaintiff,

v.

PEOPLE OF STATE OF MICHIGAN,
DONALD D. SHELTON, and
DONALD GOLDSTEIN,

    Defendants.

Case No. 15-12891
Honorable Laurie J. Michelson

## OPINION AND ORDER
## DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

Plaintiff Gary Watkins, a state inmate, is challenging his conviction in a separate habeas corpus proceeding. *See Watkins v. Romanowski*, No. 2:10-cv-13199 (E.D. Mich. filed Aug. 12, 2010). This is a civil rights lawsuit in which the allegations are mostly nonsensical. In his *pro se* complaint, Watkins avers:

> I killed someone. I committed no crime. Lawful kill [with] permit. Wrongfully incarcerated. Did 10 years. Fed[eral] judge overturned conviction. Being [d]etained [i]llegally. Had $6 million dollar car stolen from me [and] I did not snitch. My life been stolen from me. My wife been stolen [and] killed by.

(Compl. at 2.) Watkins also writes, "FREE ME," "FIX [heart symbol]," and D1 (the last apparently referring to his alias, "Da' One Abdellah"). (Compl. at 3.) And this is the relief that he seeks: "Send F.B.I. Took deliver me back 2 life (Real). No more curses[.] Mom iz Devil." (Compl. at 4.)

Because Watkins is proceeding without prepayment of the filing fee, the Court must *sua sponte* dismiss his complaint if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *Moniz v. Hines*, 92 F. App'x 208, 210 (6th

Cir. 2004). Watkins's claims fall squarely within this statutory language at least because this Court has no basis to send the FBI to deliver Watkins back to real life.

To the extent that Watkins merely seeks release from prison because his conviction has been overturned, dismissal is still warranted: "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). And there is no reason to allow Watkins to convert this civil suit to a habeas corpus petition, *see Moore v. Pemberton*, 110 F.3d 22, 23 (7th Cir. 1997), especially because he already has a habeas corpus petition pending in this District.

Watkins's complaint will thus be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Barnes v. Lewis*, 12 F.3d 211 (table), 1993 WL 515483, at *1 (6th Cir. 1993) (affirming dismissal of similar complaint under predecessor to § 1915(e)(2)(B)).

SO ORDERED.

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE

Dated: October 19, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 19, 2015.

                                              s/Jane Johnson
                                              Case Manager to
                                              Honorable Laurie J. Michelson